UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Quintin M. Littlejohn, | ) | C/A No. 7:09-2397-RBH-WMC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| United Nations, | ) | |
| Defendant. | ) | |

### *Background of this Case*

The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1] The plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. The plaintiff currently resides in Gaffney, South Carolina.

The pleading in the above-captioned case is styled as Rogatory or Letter of Request. A closer review of the pleading, however, reveals that the plaintiff is challenging foreign policy matters pertaining to the State of Israel, including the Balfour Declaration,[2] United Nations

---

[1]The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

[2]The Balfour Declaration is not a United Nations document. The United Nations was formed after World War Two. *See* Major Jennifer Clark, *Setting the Desert on Fire*, Army Lawyer (April 2009):

> In 1917, the British had issued the Balfour Declaration that declared Palestine as a national home for the Jewish people, and made it understood nothing was to

(continued...)

1

Resolution 242,[3] and United Nations Resolution 339.[4] The plaintiff contends that: **(1)** "We must restore the same arab people to the State of Palestine[;]" **(2)** the State of Israel has no right to exist; and **(3)** the peace accord between Egypt and Israel violates the ex post facto clause of the United States Constitution. In his prayer for relief, the plaintiff writes:

> see Complaint
>
> Restore Palestine in Asia Minor.

(Petition, at page 4).[5]

---

(...continued)
prejudice the rights of non-Jewish communities in Palestine. This caused much consternation in the region.

*See also* Nicholas Rostow, *Wall of Reason: Alan Dershowitz v. The International Court of Justice*, 71 Alb. L. Rev. 953, 963 n. 38 (2008), which quotes the Balfour Declaration in a footnote:

> The 1917 Balfour Declaration stated:
>
> > His Majesty's Government view with favour the establishment in Palestine of a national home for the Jewish people, and will use their best endeavours to facilitate the achievement of this object, it being clearly understood that nothing shall be done which may prejudice the civil and religious rights of existing non-Jewish communities in Palestine, or the rights and political status enjoyed by Jews in any other country.

[3]The plaintiff is referring to see UN Security Council Resolution 242 of November 22, 1967, http://www.un.org/documents/sc/res/1967/scres67.htm (Sept. 11, 2009). The United Nations website shows this resolution in portable document format (pdf). Resolution 242 was adopted several months after the Six-Day War in 1967.

[4]The plaintiff is referring to UN Security Council Resolution 339 of October 23, 1973, adopted during the Yom Kippur War of 1973, http://daccess-ods.un.org/TMP/2469093.html (Sept. 12, 2009), which called for an immediate cessation of military action.

[5]It appears that the plaintiff is asking that the area be returned to Turkey, which controlled what is now Israel and Jordan until 1917.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[6] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[7] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

---

[6]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[7]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Insofar as the plaintiff is complaining about the foreign policy of the United States with respect to the State of Israel, this case is subject to summary dismissal under the "political question" doctrine. Under the "political question" doctrine, the United States District Court for the District of South Carolina cannot address the plaintiff's claims relating to an alliance or alliances of the United States, its foreign policy toward other nations and international organizations, or matters handled by the United Nations Security Council or the International Court of Justice. *Goldwater v. Carter*, 444 U.S. 996, 1002-1006 (1979). The "political question" doctrine discountenances judicial interference with certain types of cases involving the other branches of the Government of the United States. *Baker v. Carr*, 369 U.S. 186, 211 (1962). *See also Dellums v. Bush*, 752 F. Supp. 1141 (D.D.C. 1990); and *Eckert International v. Government of the Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 171 (E.D. Va. 1993) (purpose of "political question" doctrine is "to prevent judicial pronouncements that would disrupt this country's foreign relations"), *affirmed*, *Eckert International v. Government of the Sovereign Democratic Republic of Fiji*, 32 F.3d 77 (4th Cir. 1994). *Cf. Flast v. Cohen*, 392 U.S. 83, 97 (1968) (federal judicial power usually limited to disputes capable of being resolved through judicial process); and

4

*FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions.").

The above-captioned case against the United Nations is also barred by the Foreign Sovereign Immunities Act of 1976 (as amended), 28 U.S.C. § 1602 *et seq*. *See, e.g., Hirsh v. State of Israel and State of Germany*, 962 F. Supp. 377 (S.D.N.Y. 1997), *affirmed without opinion*, No. 97-7465, 133 F.3d 907, 1997 U.S.App. LEXIS 36435, 1997 WL 796153 (2nd Cir., Dec. 31, 1997). Furthermore, the Alien Tort Statute, 28 U.S.C. § 1350, does not provide a basis for the exercise of jurisdiction over a foreign sovereign. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989) (generally, foreign nations are immune from suit in the United States for non-commercial, "public" acts).

Moreover, no state or federal court can issue process against the United Nations and any of its component agencies or bodies by virtue of the location of the United Nations Headquarters in New York City. *See Curran v. City of New York*, 191 Misc. 229, 77 N.Y.S.2d 206 (Supreme Court, Queens County, 1947) (International Organizations Immunities Act precludes suits against the United Nations; grant of public lands in New York City to the United Nations and exempting such lands from taxation were valid), *affirmed*, 275 A.D. 784, 88 N.Y.2d 924 (App.Div. 1949); and Bert B. Lockwood, *The United Nations Charter and United States Civil Rights Litigation: 1946, 1955*, 69 Iowa L. Rev. 901 (May 1984) (discussing U.N. "Headquarters Agreement" [22 U.S.C. § 287] between United States and the United Nations), which cites, *inter alia*, Comment, *The United Nations Under American Municipal Law: A Preliminary Assessment*, 77 Yale L. J. 778 (1946), and Ling, *A Comparative Study of the Privileges and Immunities of the United Nations Member Representatives and Officials with the Traditional Privileges and Immunities of Diplomatic Agents*, 33 Washington & Lee L. Rev. 91 (1976).

***Recommendation***

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

September 14, 2009  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).