UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Quintin M. Littlejohn, ) | Civil Action No.: 7:09-cv-02397-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United Nations, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter comes before the court with the [Docket Entry #9] Report and Recommendation of United States Magistrate Judge William M. Catoe[1] filed on September 14, 2009.

Plaintiff, who currently resides in Gaffney, South Carolina, is under an order of pre-filing review.[2] *See Graham v. Riddle*, 554 F.2d 133, 134-35 & n.* (4th Cir. 1977). In his Report, the Magistrate Judge recommended summary dismissal of Plaintiff's case without prejudice. Plaintiff filed his [Docket Entry #11] Objections to the Report and Recommendation on September 21, 2009.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

---

[1] This matter was referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

[2] The Honorable G. Ross Anderson, Jr., United States District Judge, entered the order on July 10, 1998, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. The order authorizes the Clerk's Office to assign civil action numbers to Plaintiff's pleadings for docket control purposes.

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**<u>Discussion</u>**

In the case presently before the court, Plaintiff styled his pleading as a Rogatory or Letter of Request. However, upon review of the pleading, Plaintiff is challenging foreign policy matters pertaining to the State of Israel, including the Balfour Declaration and several United Nations' Resolutions. Plaintiff contends that: (1) "We call for a repel [sic] of the Balfour Declaration," (2) "We must restore the same arab people to the state of Palestine," (3) "The state of Israel has no right to exist," and (4) the peace accord between Egypt and Israel violates the ex post facto clause of the United States Constitution. Plaintiff's Rogatory [Docket Entry #1] at 2-3. For relief, Plaintiff states that he seeks to "[r]estore Palestine in Asia Minor." *Id.*

Upon review, this case is proper for summary dismissal. First, the "political question" doctrine "renders nonjusticiable those disputes involving intrinsically political questions." *Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 172 (E.D. Va.

1993). In regards to foreign relations, the Supreme Court of the United States has stated that "[n]ot only does resolution of such issues frequently turn on standards that defy judicial application, or involve the exercise of a discretion demonstrably committed to the executive or legislature; but many such questions uniquely demand single-voiced statement of the Government's views." *Baker v. Carr*, 369 U.S. 186, 211 (1962). Accordingly, this court cannot entertain Plaintiff's claims regarding the foreign policy of the United States with respect to the State of Israel, other nations, or international organizations.[3] Additionally, the United Nations, the named defendant in the above captioned case, is immune from suit under the Foreign Sovereign Immunities Act of 1976. 28 U.S.C. § 1602 *et seq*.

In his objections, Plaintiff contends that this case is not a nonjusticiable "political question." He cites several cases, including the *Baker* and *Goldwater* cases. The court has reviewed and overrules the objections, and believes the Report and Recommendation correctly analyzes the applicable law.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

---

[3] *Goldwater v. Carter*, 444 U.S. 996, 1002-06 (1979); *see also Dellums v. Bush*, 752 F. Supp. 1141 (D.D.C. 1990); *Eckert Int'l, Inc.*, 834 F. Supp. at 171 (stating that the "political question" doctrine's purpose "is to prevent judicial pronouncements that would disrupt this country's foreign relations").

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

October 29, 2009
Florence, South Carolina